**SIGNED this 31st day of August, 2011**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:

FONDA ANNETTE KRAUSE,                    Case No. 07-15395
                                         Chapter 13
    Debtor.

MEMORANDUM

The objection of Fonda Annette Krause ("debtor") to the claim of the Internal Revenue Service ("IRS") came on for hearing on June 6, 2011. The debtor filed her voluntary petition seeking chapter 13 relief on December 11, 2007. The IRS timely filed a proof of claim on January 4, 2008, for $4,096.50. [Claim no. 6]. It was composed of: (a) a general unsecured claim of $300 for taxes for returns which were not filed for the years 2001, 2002, and 2003; (b) a priority claim of $300 for taxes for returns which were not filed for 2004, 2005, and 2006; (c) $1,748.25 for an assessment made on August 14, 2000, for the tax period ending December 31, 1997; and (d) $2,015.00 for interest which accrued on the 1997 assessment. The debtor contends

1

that she was not required to file tax returns and objects to the portions of the claim based on the 1997 assessment. The assessment arose from the IRS's disallowance of an earned income credit calculated using the debtor's status as the head of household and her son Ian Krause's status as a dependent for the year 1997. To overcome that disallowance and succeed with her objection, the IRS contends that the debtor has the burden of proof to show she was entitled to the deduction.

This memorandum is the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P.9014. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1)(B).

### I. Unfiled Returns

With respect to the debtor's contention that she was not required to file returns and so the assessments are not justified, the issue was not raised in her written objection. [Doc. No. 30, Objection to Claim at 1]. However, she did testify about her income during those years at the hearing. The IRS also addressed the issue in its post hearing brief, so the court will address those portions of the IRS's claim based on unfiled returns.

### A. Facts

The debtor does not dispute that she did not file returns for the tax years 2001 to 2006, which are the six years for which the IRS has assessed $100 each for failure to file a return. The debtor testified that she did not have sufficient income from 2001 to 2006 to file returns. She testified that she worked some jobs, but because of depression, she would leave the job sites before the work day ended. She was not able to keep a job during this period. When asked how she managed from 2004 to 2007, the debtor responded that most of her support came from her boyfriend, with whom she was living, and her mother. She also stated that she filed an income

2

tax return any time she worked. The debtor presented no corroborating evidence, either in the form of documentation or supporting witnesses, with respect to her employment record for the six years in question. On cross examination, she testified that she had received $7500 in income for 2005 and 2006. The IRS presented no other evidence regarding her income.

### B. **Analysis**

If a proof of claim filed by a creditor alleges facts sufficient to support the claim, it is *prima facie* valid. *Wright v. Holm (In re Holm)*, 931 F. 2d 620, 623 (9th Cir. 1991). Further,

> a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

*In re Allegheny Int'l, Inc*. 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted). The debtor bears the burden of providing substantial evidence to support her objection to the IRS's claim. *Higgins v. Internal Revenue Service (In re Higgins),* 403 B.R. 537, 543 (E. D. Tenn. 2009) (citing *In re Allegheny Int'l, Inc.,* 954 F.2d at 173-74).

In this case, the IRS's proof of claim alleges no facts about the debtor's income. It alleges only that she did not file a return. The debtor testified that she did not have any records for the four years preceding the filing of her bankruptcy petition; however, she did testify that she had lacked employment for the period in question. She also provided an explanation about how she supported herself during this period and why she could not keep a job.

The IRS Account Transcript also reflects that there were no collections made between 2001 until the bankruptcy. *Exhibit 3*, IRS Account Transcript at 2. Accordingly, the court finds

3

that the debtor's objection to the assessments for failure to file returns is sustained for the tax years 2001 to 2004.

The tax years 2005 and 2006 require further analysis. She did admit to income of $7500 for each of those two years. The court must analyze whether that amount was sufficient to require the filing of a tax return.

The Internal Revenue Code requires that "[e]very person liable for any tax imposed by Title 26 of the United States Code, or for the collection thereof, shall "make a return or statement," and comply with such rules and regulations as the Secretary of the Treasury may from time to time prescribe. 26 U.S.C.A. § 6011(a). "When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary." 26 U.S.C.A. § 6011(a). Every individual having for the taxable year gross income which equals or exceeds the exemption amount is required to file a federal income tax return,

> except that a return shall not be required of an individual-
> (i) who is not married… , is not a head of household, . . . and for the taxable year has gross income of less than the sum of the exemption amount plus the basic standard deduction applicable to such an individual.

26 U.S.C.A. § 6012(a)(1)(A)(i).

The exemption amount is defined in 26 U.S.C. §151(d)(1). It is $2000. It was increased to $3200 by 2005. "Exemption, Standard Deduction, and Filing Information," Publication 501, p.19, (Department of the Treasury 2005); "Your Federal Income Tax for Individuals." Publication 17, p.26 (Department of the Treasury 2005). In 2006, it was increased to $3300. "Your Federal Income Tax for Individuals," Publication 17, p.27. (Department of the Treasury 2006).

4

The basic standard deduction is defined in 26 U.S.C.A. §63(c)(2). That section provides that the basic standard deduction is $3000 for an individual such as the debtor or $4,400 if she is the head of household. 26 U.S.C.A. §63(c)(2)(B) and (C). These amounts are adjusted for inflation. *Id.* at §63(c)(4).

> In the case of any taxable year beginning in a calendar year after 1988, each dollar amount contained in paragraph (2)(B) [or] (2)(C) shall be increased by an amount equal to-
> (A) such dollar amount, multiplied by
> (B) the cost of living adjustment determined under section 1(f)(3) for the calendar year in which the taxable year begins, by substituting for "calendar year 1992" in subparagraph (B) thereof.

26 U.S.C.A. §63(c)(4).

The amount of the deduction is to be multiplied by the cost-of-living adjustment determined under 26 U.S.C.A. §1(f)(3). "[T]he cost-of-living adjustment for any calendar year is the percentage (if any) by which -- (A) the CPI for the preceding calendar year, exceeds (B) the CPI for the calendar year 1992." 26 U.S.C.A. §1 (f)(3). "For purposes of paragraph (3), the CPI for any calendar year is the average of the Consumer Price Index as of the close of the 12-month period ending on August 31 of such calendar year." *Id*. at (4). For purposes of paragraph (4), the term "Consumer Price Index" means "the last Consumer Price Index for all-urban consumers published by the Department of Labor. For purposes of the preceding sentence, the revision of the Consumer Price Index which is most consistent with the Consumer Price Index for calendar year 1986 shall be used." *Id.* at (5).

The IRS's calculations for these adjustments are reflecting in the filing instructions for the years 2005 and 2006. According to the Internal Revenue Service's website, Publication 17, Catalog Number 10311G entitled "Your Federal Income Tax For Individuals" for use in preparing 2005 returns, Table 1-1 states that an individual filing as "single" and under age 65 at

5

the end of 2005 must file a return if gross income was at least $8,200.

http://www.irs.gov/formspubs/article/0,,id=158421,00.html (follow Publication 17 hyperlink or Publication 501 hyperlink). In 2005, the exemption was $3200 and the standard base deduction for a single individual was $5000. The debtor was not required to file a return so long as her income fell below the combined amount of $8200. It did.

The same is true for 2006. According to the Internal Revenue Service's website, Publication 17, Catalog Number 10311G entitled "Your Federal Income Tax For Individuals" for use in preparing 2006 returns, Table 1-1 states that an individual filing as "single" and under age 65 at the end of 2006 must file a return if gross income was at least $8,450.

http://www.irs.gov/formspubs/article/0,,id=169996,00.html (follow Publication 17 hyperlink). That year the exemption increased to $3400 and the standard base deduction increased to $5150. Even if the debtor were not the head of a household, she was not required to file a return unless her income exceeded $8550. She made only $7500 that year.

Based on the foregoing analysis, the debtor's objection to the amounts assessed for the six years from 2001 to 2006 is sustained.

**II.    Disallowed Deductions**

**A.    IRS Proof of Claim**

The IRS's Proof of Claim states the following about the deduction:

| Taxpayer ID No. | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| xxx-xx-6073 | INCOME | 12/31/1997 | 08/14/2000 | $1,748.25 | $2,015.00 |

*Claim of IRS,* Claim no. 6 at 2.

6

At the hearing, the IRS offered no testimony regarding the basis for its assessment, why the debtor was selected for audit or why it determined an assessment was appropriate. Counsel for the IRS submitted the IRS Account Transcript which was admitted as evidence without objection. The transcript reflects the dates of assessment and timing and results of the IRS's collection efforts since the assessment in 2000.

In the IRS's supplemental brief, the IRS explains the debtor claimed a dependency exemption for her son. She claimed a refund of $493 and an earned income credit of $2,210 based on her status as the head of household with one qualifying child. The debtor's return was selected for audit "because Ian Krause was claimed as a dependent on another individual's 1997 return." [Doc. No. 51, Supplemental Brief of IRS at 3]. After the examination, the IRS determined that she was not entitled to a dependency exemption for her son. That determination changed her status from head-of-household to single and she was assessed a tax liability of $422. In addition, the denial of the dependency exemption reduced her earned income credit by $2,199. *Id.*

### B.   Statutory Bases for the Deduction and the Earned Income Credit

#### 1.   Dependency Exemption for 1997

With respect to the second basis of the IRS claim, the service contends that it audited the debtor in 2000 for the tax year 1997, and determined that Ian was not a "dependent" in 1997 under 26 U.S.C. § 152(c). The relevant provisions of 26 U.S.C. § 152 in effect in 1997 are set forth as follows:[1]

§ **152**. Dependent defined

---

[1] The court notes that the brief submitted on behalf of the IRS appears to refer to and rely upon provisions in the Internal Revenue Code in its current form rather than the 1997 version that was in place when the debtor filed her 1997 income tax returns. While the content of the Internal Revenue Code in effect in 1997 varies little from the Internal Revenue Code in its current version, the court will cite to and rely upon the 1997 version where appropriate.

**(a) General definition.**—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

   **(1)** A son or daughter of the taxpayer, or a descendant of either,
. . . .

**(e) Support test in case of child of divorced parents, etc.**—
   **(1) Custodial parent gets exemption.**—Except as otherwise provided in this subsection, if—
      **(A)** a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—
         **(i)** who are divorced or legally separated under a decree of divorce or separate maintenance,
         **(ii)** who are separated under a written separation agreement, or
         **(iii)** who live apart at all times during the last 6 months of the calendar year, and
      **(B)** such child is in the custody of one or both of his parents for more than one-half of the calendar year,
   such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").
   **(2) Exception where custodial parent releases claim to exemption for the year.**—A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—
      **(A)** the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
      **(B)** the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

8

26 U.S.C.A. § 152 (1997).  According to 26 U.S.C.A. § 151(c), taxpayers may claim a deduction for each individual who is a dependent as defined by 26 U.S.C. § 152.  Section 151(c) in effect in 1997 states:

> § **151**. Allowance of deductions for personal exemptions
>
> **(a) Allowance of deductions.**—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.
> . . . .
>
>  **(c) Additional exemption for dependents.—**
> **(1) In general.**—An exemption of the exemption amount for each dependent (as defined in section 152)—
> **(A)** whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount, or
> **(B)** who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student who has not attained the age of 24 at the close of such calendar year.
> . . . .
>  **(3) Child defined.**—For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer.

26 U.S.C.A. §151(1997).

A dependent is defined as a "son or daughter of the taxpayer."  26 U.S.C.A. § 152(a) (1997).  A child for whom a taxpayer may claim an exemption includes a taxpayer's son or daughter under the age of 19 for whom over half of his or her support for the calendar year is provided by the taxpayer.  *Id.*

For purposes of the dependency exemption in situations wherein the child's parents are divorced or separated, the parent having custody for a greater portion of the calendar year is deemed to have provided over half of the child's support for the tax year in question.  26 U.S.C. § 152(e) (1997).  *See also Horn v. Comm'r,* 84 T.C.M. (CCH) 576, 2002 WL 3166270, at *1 (2002). Custody is "determined by the terms of the most recent decree of divorce. . ." 26 C.F.R.

9

1.152-4(b)(1997).  See also *Maher v. Comm'r,* 85 T.C.M. (CCH) 1053, 2003 WL 1562152, at *4 (2003).  The Tax Court in *Maher* addressed a taxpayer's appeal of the IRS's determination of deficiencies on his 1998 Federal income tax return.  Among the issues for decision were the taxpayer's entitlement to claim dependency exemptions for his children in 1998, and whether he was entitled to claim head of household filing status for 1998.  A state court order entered in 1996 awarded joint legal custody of the two children to the taxpayer and his former wife, and primary physical custody to the wife.  In 1998, the court entered a new order changing custody of one of the children to sole custody in favor of the taxpayer/husband, effective July 12, 1998; however, the facts established at the hearing were that both children resided with the taxpayer/husband "virtually the whole year" and "most of the year."  *Id.* at *2.  The court cited the Treasury Regulation codified at 26 C.F.R. 1.152(4)(b) and noted ``'[i]n the event of so-called split custody*, as is the case herein*, custody is "deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."' *Id.* at 4 (emphasis added)(quotation omitted). The court further noted "[e]ven if the custody decree grants physical custody to one parent, we have held that this parent is not entitled to a dependency exemption when the children did not live with this parent for most of the year." *Id.* (citing *Otmishi v. Comm'r,* 41 T.C.M. (CCH) 237, 1980 WL 4300 (1980) (no dependency exemption for taxpayer husband, notwithstanding court-ordered legal custody, where ex-wife had physical custody of child after kidnapping her); *Dumke v. Comm'r,* 34 T.C.M. (CCH) 461, 1975 WL 2728 (1975) (no exemption permitted for taxpayer husband who had legal custody where physical custody of children was with the wife who kidnapped them).

### 2. Head of Household Filing Status

The Internal Revenue Code defines "head of household" in 26 U.S.C.A. § 2(b) (1997) as follows:

> **(b) Definition of head of household.—**
> **(1) In general.**—For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either—
> > **(A)** maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of—
> > > **(i)** a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 (or would be so entitled but for paragraph (2) or (4) of section 152(e)), or
> > > **(ii)** any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or
> > **(B)** maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.
>
> For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.

26 U.S.C.A. § 2(b) (1997).

To qualify for such status, the taxpayer must not be married at the close of the taxable year. Also, the taxpayer must maintain a household that includes, *inter alia,* a son whose principal place of abode for more than one half of the taxable year is with the taxpayer. Also, the taxpayer must provide more than one-half of the cost of maintaining the household during the taxable year. 26 U.S.C. § 2(b)(1). *See also Baker v. Comm'r,* 91 T.C.M. (CCH) 949, 2006 WL 800764, at *4 (2006). Again, the issue of the amount of support provided by the debtor in 1997,

11

and whether Ian's principal place of abode was with the debtor for more than half of 1997 is determinative of the debtor's ability to claim "head of household" status and thus take advantage of more favorable tax treatment.

### 3. Reduction of Earned Income Credit

On the debtor's 1997 income tax return, she claimed Ian as a "qualifying child" and as such she claimed an earned income credit on her return. The IRS contends that the debtor's earned income credit claim exceeded the amount to which she was entitled because she included in her calculation a percentage amount attributable to Ian's status as a "qualifying child." An eligible individual under 26 U.S.C. § 32(a)(1) (1997) may take advantage of an earned income credit against the individual's tax liability, and that credit is calculated as a percentage of the individual's earned income. 26 U.S.C. § 32(a)(1). *See also Baker v. Comm'r*, 91 T.C.M. (CCH) 949, 2006 WL 800764, at *5. The number of "qualifying children" claimed by the taxpayer also factors into the calculation of the credit. 26 U.S.C. § 32(b). For purposes of determining the earned income credit available to the taxpayer, a "qualifying child" is defined as "an individual who:

a. bears a relationship to the taxpayer as described in subparagraph (B) of 26 U.S.C. 32;

b. has the same principal place of abode as the taxpayer for more than one-half of such taxable year;

c. meets the age requirements of subparagraph (C) of 26 U.S.C. 32; and,

d. with respect to whom the taxpayer meets the identification requirements of subparagraph (D), which includes a son of the taxpayer.

26 U.S.C. § 32(c)(3)(A), (B).

### C.   Analysis

The parties in this case agree that Ian is the debtor's son and that he was under age 19 in 1997. The dispute concerns whether the debtor provided over half of Ian's support in 1997 and whether he lived with the debtor for most of the tax year 1997. Central to this dispute is the burden of proof and the type of proof that is sufficient to carry that burden when the proof relates to an IRS deduction.

As stated with respect to the first issue, a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The burden then shifts to the debtor to rebut the presumptive validity of the claim by introducing reliable, relevant evidence to support the objection. *Higgins*, 403 B.R. at 544. As a general rule, the burden then shifts back to the claimant to prove its claim by a preponderance of the evidence. *In re Forte*, 234 B.R. 607, 617 (Bankr. E.D.N.Y. 1999). This general rule has been the subject of much controversy when the claimant is the IRS. *Id.* at 617.

> [T]he general rule in tax cases is that the taxpayer bears the burden of proof in all respects. . . Under the Internal Revenue Code, the burden of proof with respect to claimed tax deductions rests upon the taxpayer, since "deductions are a matter of legislative grace, and the taxpayer seeking the benefit of a deduction must show that every condition which Congress has seen fit to impose has been fully satisfied."

*Id*. (quoting *Wisely v. United States*, 893 F.2d 660, 666 (4th Cir.1990)).

In 2000, the Supreme Court resolved the issue of whether a different burden of proof applied for tax claim objections in *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 120 S. Ct. 1951 (2000). In that case, the Supreme Court determined that bankruptcy did not alter the burden of proof from what it would have been outside of bankruptcy.[2] *Id.* at 26. Therefore, the burden remained on the debtor/taxpayer to prove an entitlement to a deduction.

---

[2]   In looking at the burden of proof outside of bankruptcy, the court notes that two years before the decision in *Raleigh*, Congress enacted the "Internal Revenue Service Restructuring and Reform Act" in

13

In addition to having the burden of proving her entitlement to a deduction, the IRS also argues that the debtor's evidence must be equal in force to its *prima facie* case, citing *In re Allegheny Int'l., Inc.*, 954 F.2d at 173 (citing *In re Windsor Communications Group, Inc.,* 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985)).

Based on that holding, the court will look first to the "force" of the IRS's evidence supporting its *prima facie* case. While the certificate of assessment or the audit examination report would have been helpful to the court, the IRS is not obligated to attach documentation to its proof of claim as generally required by Fed. R. Bankr. P. 3001(c). Because its claim is based on a statute rather than a writing, the requirements of Rule 3001(c) do not apply. *In re Shaver*, 247 B.R. 436,438-439 (Bankr. E.D.Tenn. 1999). At the hearing, the IRS did supplement the proof of claim with an IRS Account Transcript showing how the amount reflected on the proof of claim was determined. The transcript also contained some details about the timing of the audit, disallowance of the earned income credit, the assessment of late payments, notice of levy, and credits transferred from the 2000 1040 return. *Exhibit 3*, Account Transcript at 2.

There is no evidence that the debtor ever contested or appealed the assessment until now, despite payments made on the debt in 2001 from what appear to be offsets arising from the debtor's 2000 tax return. *Exhibit 3*, Account Transcript at 2. In light of those collection actions and the debtor's failure to contest those actions, the court finds that the IRS has made its *prima facie* case with the filing of the Account Transcript. The burden now shifts to the debtor to prove,

---

which it shifted the burden of proof in certain circumstances. For an individual who was objecting to a claim based on income taxes, the new section shifted the burden to the IRS if the individual could produce credible evidence to support her position, establish that she had kept records, and show she had cooperated with the IRS. 26 U.S.C. § 7491(a). However, this statute had prospective relief only and applied solely to tax periods after its enactment date of July 22, 1998. Pub. L. 105-206, 112 Stat. 685; *U.S. v. Isley*, 356 F.Supp.2d 391, 397 (D. N.J. 2004). *See also Burden of Proof, Bankruptcy Taxation,* 5 COLLIER ON BANKRUPTCY, P TX5.03[5] (2011). Because this change did not become effective until the tax years after 1997, the relevant year for this objection, the debtor may not take advantage of the statutory shift in the burden of proof even if she could meet the three criteria to do so.

14

by a preponderance of the evidence, that she had physical custody of her son for the majority of the year 1997 and that she provided more than 50% of his support.

On direct examination the debtor testified that she was awarded custody of Ian pursuant to a divorce decree entered on August 3, 1994, in the Chancery Court of Lincoln County, Tennessee. Her ex-husband was ordered to pay $500 a month in child support. *Exhibit 1*, Divorce Decree at 1-3.

She first testified that neither of her two children lived with their father in 1997. Both were in her custody. With respect to Ian, the debtor testified that he lived with her in 1996 and had "gotten into some trouble" that year. She offered a letter from the clerk of the juvenile court of Moore County, Tennessee, stating that she had appeared as the custodial parent in a juvenile court hearing in the fall of 1996. *Exhibit 5*, Letter from Moore County Circuit/Session Court Clerk. The debtor testified that, to the best of her recollection, Ian was placed on probation for 1-1 ½ years. The debtor also offered a March 1998 letter addressed to Moore County High School in which she informed the school that "Ian is no longer living with his father at his grandmothers [sic] Virginia Krause because he has moved to Oregon." *Exhibit 2*, March 23, 1998 Letter at 1. The letter also advised that the debtor had full custody of Ian and that anything pertaining to Ian should be sent to her. *Id.* The debtor offered no documentation dated in 1997 regarding Ian's residence.

On cross examination, the debtor stated that the March 1998 letter referring to Ian's living with his father was referring to Ian's prior visitation with his father during the summer. She also testified that Ian attended Moore County High School in March 1997, although the testimony is confusing because she referred to the 1998 letter to the school superintendent to support her statement. She did not provide any documentation or corroborating witnesses that

15

she had physical custody during the year in question, despite the fact that her son was on probation during that same period. Her letter in March of 1998 states that her son had been living with his father at his grandmother's house. Although she later explained that she did not mean "permanently" living but only visiting, she still admitted that her son spent the summer of 1997 with his father. She testified that there might have been other visits. The court finds the debtor's proof about her son's physical residence in 1997 confusing, at best, and not credible, at worst.

The proof is even less clear with respect to support. The debtor admitted that she did not have records from this period of time to prove that she supplied more support than her ex-husband provided. The debtor testified that she used cash for many living expenses and did not keep what records she might have had in 1997. She testified that she usually provided documentation to her income tax preparer, H & R Block, in support of claiming the deduction; but no proof was offered that H & R Block prepared the 1997 return in question. She did not produce the return or even testify about what her income was in 1997 that required her to file the 1997 return.

She also testified that she did receive support from her husband in 1997, although it was not the full $500 per month awarded in the divorce decree. She also said that these payments dwindled to nothing in 1998. She provided no testimony about the expenses she paid for Ian or the expenses paid by Ian's father or others. Based on what proof was given and what proof the debtor was unable to provide, the court finds that the debtor has not carried her burden of proof on the issue of support.

The court finds that the debtor has not carried the burden imposed upon her as a taxpayer to prove her entitlement to the deduction. The debtor has not proven that Ian was a "qualifying

16

child" as defined by the Internal Revenue Code. As such, the debtor was not entitled to file her 1997 tax return as "head of household," entitling her to a larger earned income credit.

### III.    Conclusion

In conclusion, the court finds that the debtor did prove that she was not required to file returns for the years 2001 to 2006, and her objection is sustained with respect to $600 of the IRS claim. With respect to the earned income credit, the court finds that the debtor has not carried her burden of demonstrating that she was entitled to the deduction and the earned income tax credit by a preponderance of the evidence, and as such, her objection is overruled.

A separate order will enter.

# # #